### SCHUELER v. DOOLEY.

(Supreme Court, Appellate Division, Second Department. March 1, 1912.)

VENDOR AND PURCHASER (§ 144*)—CONTRACT OF SALE—DEFAULT OF PARTIES—QUESTION FOR JURY.

A vendor agreed to give a warranty deed free from incumbrances, except that, should the party of the second part desire, on the day of closing title, to assume any mortgages on the premises, and taxes or assessments, then the amount of said mortgage and taxes, with the accrued interest, should be deducted from the purchase price, and that the deed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should be delivered "on the 28th of January, 1907, at 1 o'clock, p. m.," at a designated place. There was no requirement in the contract that the purchaser should give any notice to the vendor as to the mortgages, etc., prior to the day on which the title was to close. *Held*, that there was an implied provision that the vendor was entitled to wait until the closing day to learn from the purchaser whether he would assume the incumbrances, and was entitled to reasonable time thereafter to remove the incumbrances if the vendor failed to disclose his intention on that point until the closing day, and therefore it was error, in an action for breach of the contract, to submit to the jury the question whether plaintiff was in default on January 28, 1907.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 271–275; Dec. Dig. § 144.*]

Woodward and Rich, JJ., dissenting.

Appeal from Trial Term, Queens County.

Action by J. L. Emil Schueler against Mary Louise Dooley. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

See, also, 138 App. Div. 921, 123 N. Y. Supp. 1141.

Argued before JENKS, P. J., and THOMAS, WOODWARD, CARR, and RICH, JJ.

Peter R. Gatens, for appellant.
Clarence Edwards, for respondent.

PER CURIAM. The vendor had agreed to give a full covenant deed of warranty of the premises free from incumbrances—

"except that should the party of the second part desire on the day of closing title, to assume any mortgage or mortgages that may be liens on said premises, and taxes or assessments, then, and in that event, the amount of said mortgage and taxes together with accrued interest to said date of delivery of deed shall be deducted from the balance of said purchase price (it being mutually understood and agreed by the parties hereto that all previous contracts, writings, agreements and understandings, written or oral, are merged in and superseded by this agreement), and which deed shall be delivered on the 28th day of January, 1907, at 1 o'clock p. m., at the office of Joseph J. Tuohy, No. 28 Jackson avenue, in Long Island City, Queens county, New York, and it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assigns of the respective parties."

No one claimed at the trial that on the 28th day of January, 1907, the vendor was in a position to give the title which she had contracted to give; that is, free from incumbrances. There was no requirement in the contract that the vendee should give any notice to the vendor as to the mortgages, etc., prior to the day on which the title was to close. Therefore neither of the parties to the contract was in default on that day, because the courts would read into the contract a provision that the vendor was entitled to wait until the closing day to learn from the vendee whether he would assume the incumbrances, and was likewise entitled to a reasonable time thereafter to remove the incumbrances, if the vendee failed to disclose his intentions on that point until the closing day. Neither party claimed as against the other a default on that day. It was error, therefore, for the trial court to submit to the jury as a question of fact to determine whether the plaintiff was in default on January 28, 1907.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The judgment and order should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and THOMAS and CARR, JJ., concur. WOOD-WARD and RICH, JJ., dissent.