### SCHUELER v. DOOLEY.

(Supreme Court, Appellate Division, Second Department. January 24, 1913.)

APPEAL AND ERROR (§ 564*)—RECORD—SERVICE OF CASE—EXTENT OF TIME.

　　Where three successive trials of a case resulted in verdicts for defendant, and, after two extensions of the time for service of the case on appeal, plaintiff, just before the expiration of the time given by the last extension, tendered to the stenographer the cost of the minutes of the last trial, which minutes were refused by the stenographer, because of the existence of an unpaid judgment against plaintiff for the costs of the minutes of the first two trials, a further extension of the time to serve the case was properly denied, where the application made no showing of the merits in his proposed appeal, except an allegation that he be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lieved that the appellate court would reverse the judgment and grant a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2501–2506, 2555–2559; Dec. Dig. § 564.*]

Carr and Woodward, JJ., dissenting.

Appeal from Special Term, Queens County.

Action by J. L. Emil Schueler against Mary Louise Dooley. From an order denying a motion for an order extending the time to make and serve a case on appeal to the Appellate Division from a judgment and order, plaintiff appeals. Affirmed.

See, also, 135 N. Y. Supp. 1142.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Peter R. Gatens, of New York City, for appellant.
Clarence Edwards, of Elmhurst, for respondent.

HIRSCHBERG, J. The order appealed from denies the plaintiff's application for an extension of time within which to serve his proposed case on appeal. The action has been pending about five years, and has been tried three times. Decisions have been reviewed in this court twice. The action is brought to recover the amount of a deposit made by the plaintiff on an agreement of the defendant to convey certain real estate to the plaintiff; the defendant claiming that the contract has been broken by the plaintiff and his rights to the deposit consequently forfeited. On the first trial, the judgment and order entered in favor of the defendant were reversed on appeal to this court, and a new trial was granted, upon the ground that the issues then determined should have been submitted to the jury. Schueler v. Dooley, 138 App. Div. 921, 123 N. Y. Supp. 1141. The second trial resulted in a verdict for the defendant, but on appeal the judgment and order then entered were reversed by a divided court, on the ground of error in the submission of the case to the jury by the trial court. Schueler v. Dooley, 149 App. Div. 814, 134 N. Y. Supp. 99.

The third trial resulted in another verdict for the defendant, and judgment was entered against the plaintiff on July 1, 1912, in the sum of $458.08. Notice of appeal was duly served by the plaintiff on July 12, 1912, and his time to prepare and serve the case on appeal has been extended by the defendant on two occasions; the time ultimately expiring on the 11th day of November, 1912. It appears that the plaintiff was indebted to the court stenographer, and that judgment had been entered in favor of the latter and against the plaintiff for the expense or cost of the minutes of the first two trials, and, just before the final expiration of the time to serve the case on appeal by extension, the plaintiff tendered to the stenographer the cost of the minutes of the last trial, which minutes were refused by the stenographer because of the existence of the unpaid judgment. The plaintiff made no attempt to compel the furnishing of the minutes by mandamus, but moved for an order to extend the time to serve his

case, which motion was denied by the making of the order appealed from.

It seems clear that the laches of the plaintiff was sufficient ground for the denial of the motion in question. Aside from that consideration, however, the application was properly denied, because of the failure of the plaintiff to show any merit in his proposed appeal. There is no statement or suggestion in the moving papers of any error committed on the trial. The plaintiff's counsel makes no affidavit indicating a belief in the propriety of the appeal, or the possibility of a termination successful to the plaintiff; and the only affidavit submitted in support of the motion, which affidavit was made by the plaintiff himself, is confined with respect to the question of merit to the allegation "that deponent believes that upon a hearing of the appeal in this case the appellate court will, for the third time, reverse the judgment and grant a new trial to this deponent." Reversals in appellate courts are not the result of habit, but are based upon the commission of serious error in the court below.

In view of the long period of time during which the litigation has been pending, that the plaintiff has failed in each trial, that ample time was furnished him voluntarily in which to enable him to perfect his appeal, that it is not made to appear in any way that additional time would be effective for the purpose required, and that no merit in his appeal has been disclosed, his application was properly denied, and the order should be affirmed.

BURR, J., concurs. THOMAS, J., concurs on the ground that no merit was shown in the appeal. CARR and WOODWARD, JJ., dissent.